**Lymar CURRY, Appellant**

v.

**BANK OF AMERICA HOME LOANS SERVICING L.P. and Bank of America, N.A., Appellees.**

No. 11–7095.

United States Court of Appeals, District of Columbia Circuit.

May 22, 2012.

Catherine H. Park, The Law Office of Catherine Park, Washington, DC, for Appellant.

Gary Clifford Tepper, Ballard Spahr LLP, Washington, DC, for Appellees.

Before: GARLAND, BROWN, and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Plaintiff Lymar Curry, a mortgage-loan borrower, brought suit in District of Columbia Superior Court against his lender, Bank of America, N.A., and the loan servicer, BAC Home Loans Servicing L.P. After the defendants removed the case to federal court, the United States District Court dismissed his suit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Curry v. Bank of America Home Loans Servicing*, 802 F.Supp.2d 105 (D.D.C.2011). This appeal followed.

Curry's complaint alleges that the defendants are liable to him under D.C. law for negligently handling his mortgage account in various ways. In particular, he alleges that the defendants were negligent in: (1) processing his loan-modification application; (2) failing to disclose the terms of the forbearances he sought and received from the bank; and (3) overcharging his mortgage account. Compl. ¶¶ 26–30. He explicitly disclaims any contract-based theory, Appellant's Br. 2, 13, and instead asserts only that the defendants are liable in tort.

The district court correctly dismissed all of these claims because, under D.C. law, there can be no tort liability for negligence unless the plaintiff shows "a duty of care owed by the defendant to him." *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 575 (D.C.2007); *see Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1087–88 (D.C.2008). To carry his burden to show such a duty, Curry's only argument is that "every legal entity owes to every other legal entity the legal duty to use reasonable care in their dealings with each other." Appellant's Br. 5. But this argument

would render the duty requirement meaningless, and it flies in the face of the numerous cases in which the District of Columbia Court of Appeals has reiterated that "duty" is an independent requirement in negligence actions. *See, e.g., Choharis,* 961 A.2d at 1088; *Griffin,* 925 A.2d at 575. Curry's second claim—that the defendants negligently failed to disclose the terms of the forbearances—is essentially one for negligent misrepresentation, and it fails for the additional reason that such claims require detrimental reliance, which Curry nowhere alleges. *See Kumar v. D.C. Water & Sewer Auth.,* 25 A.3d 9, 15 & n. 9 (D.C.2011). Curry's third claim, that the defendants overcharged his account, re-lates solely to the calculation of how much he owed under the mortgage-loan contract. Under D.C. law, such claims may be raised only in a contract-based action, not in tort. *See Choharis,* 961 A.2d at 1089 & n. 12.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).